IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELSINA KILPATRICK,

        Plaintiff,                No. 2:12-cv-00026 JAM KJN PS

        v.

INTERCOAST; CHRIS BROWN,

        Defendants.         <u>ORDER</u>

/

        Plaintiff, who is proceeding without counsel, filed her complaint on January 5, 2012.[1]  Presently before the court is plaintiff's application to proceed in forma pauperis (Dkt. No. 2).  For the reasons stated below, the undersigned grants plaintiff's application to proceed in forma pauperis, but dismisses her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  Such dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint as provided herein.

I.        <u>Plaintiff's Application to Proceed In Forma Pauperis</u>

        Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Plaintiff's application and declaration make the showing required by 28 U.S.C.

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

§§ 1915(a)(1) and 1915(2). Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

II.     Screening of Plaintiff's Complaint

    A.     General Screening Standards

The determination that a plaintiff may proceed in forma pauperis does not complete the inquiry. The court is also required to screen complaints brought by parties proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss a case filed pursuant to the in forma pauperis statute if, at any time, it determines that the allegation of poverty is untrue, the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the action seeks monetary relief against an immune defendant.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous if that claim is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pled, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227.

In assessing whether a plaintiff's complaint fails to state a claim on which relief can be granted, the court adheres to the "notice pleading" standards. See, e.g., Paulsen v. CNF, Inc., 559 F.3d 1061, 1071 (9th Cir. 2009). The notice pleading standards are codified, in part, in Federal Rule of Civil Procedure 8(a), which provides:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
>   **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

1  **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and

2  

3  **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

4  Additionally, a complaint should be dismissed for failure to state a claim if, taking

5  all well-pleaded factual allegations as true, it does not contain "'enough facts to state a claim to

6  relief that is plausible on its face.'" See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th

7  Cir. 2010) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). "'A claim has facial

8  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9  inference that the defendant is liable for the misconduct alleged.'" Caviness v. Horizon Cmty.

10 Learning Ctr., Inc., 590 F.3d 806, 812 (9th Cir. 2010) (quoting Iqbal, 129 S. Ct. at 1949). The

11 court accepts all of the facts alleged in the complaint as true and construes them in the light most

12 favorable to the plaintiff. Corrie v. Caterpillar, 503 F.3d 974, 977 (9th Cir. 2007). The court is

13 "not, however, required to accept as true conclusory allegations that are contradicted by

14 documents referred to in the complaint, and [the court does] not necessarily assume the truth of

15 legal conclusions merely because they are cast in the form of factual allegations." Paulsen, 559

16 F.3d at 1071 (citations and quotation marks omitted). The court must construe a pro se pleading

17 liberally to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in

18 the complaint and give the plaintiff an opportunity to cure them if it appears at all possible that

19 the plaintiff can correct the defect. See, e.g., Lopez, 203 F.3d at 1130-31.

20  B.   Plaintiff's Complaint

21  Plaintiff's complaint appears to allege claims of fraud or fraudulent inducement

22 against two defendants: Intercoast College and Chris Brown. (Compl. at 1-2.) Plaintiff alleges

23 that after engaging in years of rehabilitation for a brain aneurism, she enrolled in classes at

24 Intercoast College on September 9, 2009. (Id. at 2.) She alleges that she explained the

25 circumstances of her head injury to employees at Intercoast College, and was told that she would

26 be provided accommodations for her needs. (Id.) Plaintiff took out student loans to pay for her

3

classes at Intercoast College.  (Id.)

Plaintiff alleges that she completed her course work and graduated from Intercoast College after 18 months.  (Id.)  However, she alleges that Intercoast College never sent her a "certification" (id.), which exhibits attached to the complaint indicate was a certification as an alcohol and drug counselor by the California Association of Alcohol and Drug Abuse Counselors.  (Id.)  When plaintiff inquired about her certification, Intercoast College allegedly informed her that it would not provide plaintiff with her certification because plaintiff apparently did not complete high school or obtain a GED.  (Id.)  Plaintiff alleges that she believed that she had graduated from high school, but that during her 18 months at Intercoast College, she was never notified by Intercoast College that it had not received plaintiff's high school transcripts.  (Id.)  Plaintiff also alleges that she took "GED classes" and would like to take the GED examination, but cannot afford to take the examination.  (Id.)

In short, plaintiff appears to allege that she was defrauded by Intercoast College.  She alleges that Intercoast College defrauded her by allowing her to complete 18 months of course work without ever informing her of the deficiency that would preclude her from receiving her certification, i.e., not completing high school or obtaining a GED.  (See id. at 2.)  Plaintiff alleges that she was fraudulently induced into incurring student loans with the promise of graduating from Intercoast College, obtaining employment, and "returning to normal life."  (Id.)

The undersigned dismisses plaintiff's complaint for failure to meet the pleading standards set forth in Federal Rule of Civil Procedure 8(a).  First, plaintiff's complaint does not include "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(3).  It is entirely unclear from plaintiff's complaint what relief plaintiff seeks through this lawsuit.

Second, and more critically, plaintiff failed to plead "a short and plain statement of the grounds for the court's jurisdiction," without which her lawsuit cannot proceed in federal court.  Fed. R. Civ. P. 8(a)(1).  Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal

4

court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." A-Z Int'l v. Phillips, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

        Generally, original federal subject matter jurisdiction may be premised on two grounds: (1) federal question jurisdiction, or (2) diversity jurisdiction. District courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1091 (9th Cir. 2009). District courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

        Plaintiff's complaint does not allege a basis for this federal court's subject matter jurisdiction. Accordingly, the complaint is dismissed for this additional reason. However, this dismissal is without prejudice, and plaintiff is granted leave to file an amended complaint that alleges a basis for this court's subject matter jurisdiction. If plaintiff does not believe that she can state a good faith basis for this court's subject matter jurisdiction, she should dismiss this

5

case without prejudice and file the case in state court.  Plaintiff must also state what relief she is seeking by way of this lawsuit.

The undersigned notes two additional defects in plaintiff's complaint that she should remedy in any amended complaint.  First, plaintiff has named an individual, Chris Brown, as a defendant, but it is entirely unclear from the complaint who Brown is or what role he played in the events giving rise to plaintiff's claims.  If plaintiff files an amended complaint, she should explain who Brown is and what relevance he has to this lawsuit.

Second, because plaintiff's claims appear to involve allegations of fraud, special pleading rules apply if this case proceeds in federal court.[2]  Specifically, Federal Rule of Civil Procedure 9(b), which provides a heightened pleading standard, states: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  These circumstances include the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) (citation and quotation marks omitted); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged" (citation and quotation marks omitted).).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Kearns, 567 F.3d at 1124 (citing Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted and modification in original).  Although

---

[2] The elements of an intentional misrepresentation claim under California law are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v. Regents of Univ. of Cal., 45 Cal. 4th 1244, 1255, 203 P.3d 1127, 1135 (2009); accord Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981, 984 (1996).

plaintiff's complaint, as pled, meets some aspects of the heightened pleading standard, it is deficient as to other aspects. If plaintiff files an amended complaint, she should plead additional facts that address Rule 9(b)'s heightened pleading standard insofar as any fraud-based claims are concerned.

Based on the foregoing, the undersigned dismisses plaintiff's complaint. However, as stated above, plaintiff is granted leave to file an amended complaint that complies with Rule 8 and the pleadings standards stated above. Plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Eastern District Local Rule 220 requires that an amended complaint be complete in itself. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) ("The amended complaint supersedes the original, the latter being treated thereafter as non-existent."). Accordingly, once a plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Defendants not named in an amended complaint are no longer defendants. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). "If a plaintiff fails to include dismissed claims in an amended complaint, the plaintiff is deemed to have waived any error in the ruling dismissing the prior complaint." N.Y. City Employees' Retirement Sys. v. Jobs, 593 F.3d 1018, 1024-25 (9th Cir. 2010).

III.   CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's application for leave to proceed in forma pauperis (Dkt. No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend.

3. Plaintiff is granted 30 days from the entry of this order to file an amended complaint that is complete in itself. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation that this action

be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and Local Rules 110 and 183(a).

    IT IS SO ORDERED.

DATED: January 9, 2012

               _/s/ Kendall J. Newman_____
               KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE