IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELSINA KILPATRICK,

    Plaintiff,                      No. 2:12-cv-00026 JAM KJN PS

    v.

INTERCOAST; CHRIS BROWN,

    Defendants.             FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is proceeding without counsel and in forma pauperis.[1] As explained below, the court previously screened plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2), dismissed the complaint with leave to amend, and ordered plaintiff to file an amended complaint that cured several pleading deficiencies, including plaintiff's failure to allege a basis for this court's subject matter jurisdiction. (See generally Order, Jan. 10, 2012, Dkt. No. 3.) Plaintiff's First Amended Complaint (Dkt. No. 6) cures none of the deficiencies identified by the court. Accordingly, the undersigned recommends that plaintiff's case be dismissed without prejudice and that this case be closed.

        As noted in the court's prior screening order, plaintiff's lawsuit appears to concern

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff's claims of fraud or fraudulent inducement against two defendants, Intercoast College and Chris Brown. (See First Am. Compl. at 1-2.) In essence, plaintiff alleges that after engaging in years of rehabilitation for a brain injury, she enrolled in classes at Intercoast College. (See id. at 2.) Plaintiff alleges that although she or her son explained the circumstances of her head injury to employees at Intercoast College, she was induced into enrolling and obtaining substantial federal loans to fund her education. (See id. at 2.) The allegations and exhibits that constitute the original complaint, considered here for background information only,[2] relate plaintiff's allegations that she completed her course work and graduated from Intercoast College after 18 months. (Compl. at 2.) However, plaintiff alleges that Intercoast College never sent her a "certification" (id.), which exhibits attached to the original complaint indicate was a certification as an alcohol and drug counselor by the California Association of Alcohol and Drug Abuse Counselors. (Id.) When plaintiff inquired about her certification, Intercoast College allegedly informed her that it would not provide plaintiff with her certification because plaintiff apparently did not complete high school or obtain a GED. (Id.) Plaintiff alleges that she believed that she had graduated from high school, but that during her 18 months at Intercoast College, she was never notified by Intercoast College that it had not received plaintiff's high school transcripts. (Id.) Plaintiff also alleges that she took "GED classes" and would like to take the GED examination, but cannot afford to take the examination. (Id.)

In short, plaintiff alleges that she was defrauded by Intercoast College. She alleges that Intercoast College defrauded her by allowing her to complete 18 months of course work without ever informing her of the deficiency that would preclude her from receiving her

---

[2] Plaintiff's complaint contains far more detailed factual allegations than her First Amended Complaint. In dismissing the original complaint, the court explained to plaintiff that the court cannot refer to prior pleadings in order to make an amended complaint complete, that Eastern District Local Rule 220 requires that an amended complaint be complete in itself, and that an amended complaint supersedes the original complaint. (Order, Jan. 10, 2012, at 7.) Nevertheless, plaintiff's First Amended Complaint is subject to dismissal even if the court considers the allegations in the original complaint.

2

certification, i.e., not completing high school or obtaining a GED.  Plaintiff alleges that she was fraudulently induced into incurring student loans with the false promises of graduating from Intercoast College, obtaining employment, and returning to a normal life.

Plaintiff filed her complaint on January 5, 2012, and the undersigned screened and dismissed that complaint with leave to amend on January 10, 2012.  The undersigned's order identified several deficiencies that required dismissal.  First, plaintiff's complaint did not contain "a demand for the relief sought," in violation of the pleading standard stated in Federal Rule of Civil Procedure 8(a)(3). (Order, Jan. 10, 2012, at 4.)  Second, plaintiff failed to plead "a short and plain statement of the grounds for the court's jurisdiction," in violation of the pleading requirement of Federal Rule of Civil Procedure 8(a)(1). (Order, Jan. 10, 2012, at 4-6.)  Third, the undersigned noted that the complaint did not identify any facts regarding who is defendant Brown, and what role he played in the events underlying plaintiff's claims.  (Id. at 6.)  Fourth, the court dismissed plaintiff's claims because plaintiff alleged fraud-based claims, but did not meet the heightened pleading standards governing fraud claims that are set forth in Federal Rule of Civil Procedure 9(b). (Order, Jan. 10, 2012, at 6-7.)  The undersigned provided plaintiff with the applicable standards that plaintiff could use to cure the pleading deficiencies, and granted plaintiff 30 days to file an amended complaint.

Plaintiff failed to file a timely amended complaint.  Accordingly, on April 10, 2012, the undersigned entered an Order and Order to Show Cause ("OSC") requiring plaintiff to: (1) "show cause in writing, no later than April 27, 2012, why this case should not be dismissed for plaintiff's failure to prosecute the action and failure to follow the court's orders"; and (2) "file a first amended complaint that addresses the issues raised in the court's screening order" no later than April 27, 2012. (OSC, Apr. 10, 2012, at 3, Dkt. No. 5.)

On April 12, 2012, plaintiff filed a three-page pleading that amounts to a First Amended Complaint, which attaches 26 pages of exhibits.  Simply put, the First Amended Complaint cures none of the deficiencies identified by the court in its screening order.  Plaintiff's

3

1 First Amended Complaint is subject to dismissal because it does not: state "a demand for the
2 relief sought," Fed. R. Civ. P. 8(a)(3); (2) identify any facts pertaining to defendant Brown; and
3 (3) plead plaintiff's fraud-based claims with particularity, Fed. R. Civ. P. 9(b).  Most importantly,
4 plaintiff still has not alleged a basis for this court's subject matter jurisdiction despite being
5 provided with the relevant legal standards.  In light of these continuing deficiencies, especially
6 those pertaining to the court's jurisdiction, the undersigned recommends that this case be
7 dismissed without prejudice and that this case be closed.  Because it appears that this court lacks
8 subject matter jurisdiction over plaintiff's state law claims of fraud, plaintiff should strongly
9 consider whether a California state court would be a more appropriate court in which to bring her
10 claims.

11       For the reasons stated above, IT IS HEREBY RECOMMENDED that:

12       1.     Plaintiff's First Amended Complaint (Dkt. No. 6) be dismissed without
13 prejudice.

14       2.     The Clerk of Court be directed to close this case.

15       These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen
17 days after being served with these findings and recommendations, any party may file written
18 objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).
19 Such a document should be captioned "Objections to Magistrate Judge's Findings and
20 Recommendations."  Any response to the objections shall be filed with the court and served on
21 all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).
22 ////
23 ////
24 ////
25 ////
26 ////

4

Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

        IT IS SO RECOMMENDED.

DATED:  April 23, 2012

                        _____
                        KENDALL J. NEWMAN
                        UNITED STATES MAGISTRATE JUDGE